RAY L. STEVENSON,

        Petitioner,

v.                                       Case No. 19-cv-1322-pp

KYLE GRABOWKSI, JOHN DOE #1,
and JOHN DOE #2,

        Respondents.

**ORDER DENYING AS MOOT MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), SCREENING PETITION AND REQUIRING PETITIONER TO REFILE ON COURT'S OFFICIAL FORM**

On September 11, 2019, the petitioner, representing himself, filed a "Motion of Mandamus And Writ of Habeas Corpus Pursuant to §2254." Dkt. No. 1. Almost three weeks later, the court received from the petitioner a motion to proceed without prepaying the filing fee. Dkt. No. 4. Because the petitioner did not follow this court's local rule in filing his petition, the court will require him to amend it if he wants to proceed.

**I.    Background**

The petitioner states that he "is currently being housed on a 81 day Sanction at the Winnebago County Jail" in Oshkosh, Wisconsin for a "disciplinary travel violation." Dkt. No. 1 at 1. He asserts that he "attempted to exhaust his Administrative remedies through the Jail Grievance System," but

1

that he was unable to do so because the Winnebago County Jail "does not allow inmates on Sanctions to submit such grievances." Id.

He alleges that on July 8, 2019, he "submitted his work schedule for the month from Arrowcast Foundry to P.O. Agent Barbara Perez, at the Green Bay WI Probation and Parole office." Id. The schedule was "forwarded to [his] P.O. Agent Kyle Grabowski." The petitioner says that although Agent Grabowski "via Barbara Perez" knew that (1) Arrowcast Foundry was located in Shawano, WI and "would be the placement of work for the [petitioner] from Sunday [] through Friday," (2) the petitioner "was allowed to be in Shawano at the Wisconsin Inn Hotel prior to his work schedule" and (3) "there would be a GPS Zone around [the petitioner's] work place to assure that [the petitioner] attended work during specified work hours," "the Sheriff in Shawano, WI located [the petitioner] at the Wisconsin Inn Hotel and the [petitioner] was taken into custody due to Disciplinary Travel Violation." Id. at 1-2.

The petitioner states that on July 25, 2019, Agent Grabowski "came to the Brown County Jail to inform the [petitioner] that [he] was being sentenced to a 90 days Sanction due to a Disciplinary Travel Violation." Id. at 2. He says that the next day, he "was taken from Brown County Jail . . . and transported to the Winnebago County Jail . . . to commence serving the 81 days of the Sanctions." Id. "Prior to receiving this Sanction," the petitioner asserts, he "was never offered a Due Process Hearing by an Impartial Decision-Maker to question or challenge the validity of this Sanction." Id.

## II. Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 4)

On September 20, 2019, the court received from the petitioner a motion for leave to proceed without prepaying the filing fee. Dkt. No. 4. But three days later, on September 23, 2019, the court received the $5.00 filing fee. The court will deny the plaintiff's motion as moot.

## III. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 Cases provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before

the district court may consider the merits of [his/her] federal petition. 28 U.S.C. §2254(b)(1)(A). Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

    B.    The Petition

Civil Local Rule 9(a) of the Eastern District of Wisconsin provides that "[a]ll persons applying or petitioning for release from custody under . . . 28 U.S.C. §2254 . . . must file their . . . petition . . . with the Clerk of Court using forms available from the court." There is a reason for this rule. The court's form guides a petitioner through providing the information that the court needs to evaluate a request for *habeas* relief and to determine whether the petitioner qualifies for that relief. The petitioner did not follow this rule. He did not prepare his petition using the court's form.

A district court may entertain a petition under §2254 only if it is filed by a person in custody under a judgment of a state court. 28 U.S.C. §2254. Because the petitioner did not use the court's form, the court cannot tell if the petitioner is a person in custody under a judgment of a state court. The court does not know if the petitioner tried to challenge the imposition of the disciplinary sanction; a *habeas* petitioner must exhaust his remedies before

4

seeking federal *habeas* relief. The court does not have the information it needs to decide whether the petitioner is entitled to proceed.

If the petitioner wishes to continue with his *habeas* case, he must file an amended petition using the Eastern District of Wisconsin form. The court is including with this order a blank copy of the form and the guide for completing it. The petitioner must write the word "Amended" on the first page of the form in the middle, in front of the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody." He must put the case number—19-cv-1322—in the space next to the words "Docket No." on the first page. He must identify the location where he is confined, and he must list as the "Respondent" the warden or superintendent or other official who has custody of hm. He must fill out all the sections of the petition. If the court receives the amended petition by the deadline the court sets below, it will screen it and decide whether the petitioner may proceed. If the court does *not* receive the amended petition by the deadline the court sets below, the court will dismiss this case on the next business day without further notice or hearing.

**IV. Conclusion**

The court **DENIES AS MOOT** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 4.

The court **ORDERS** that if the petitioner wishes to proceed with this case, he must file an amended petition on the form the court is providing with this order. The petitioner must file the amended petition in time for the court to

5

*receive* it by the end of the day on **November 27, 2020**. If the court does not receive the amended petition by the end of the day on November 27, 2020, the court will dismiss the petition on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 28th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**